IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER WELCH,<br><br>                  Plaintiff<br><br>VS.<br><br>ALEXIS E.L. CHASE, *et al.*,<br><br>                  Defendants | NO. 5:10-CV-43 (MTT)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## **RECOMMENDATION**

Before the Court is a Motion to Dismiss filed by Defendants Warden Alexis E. L. Chase, Deputy Warden Sandra Abrams, Medical Director Calvin Ramsey, and Director of Nursing Lisa P. Thomas.[1] Doc. 28. Defendants assert that Plaintiff's claims against them are based upon a theory of respondeat superior, and therefore that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Because it appears that Plaintiff's claims against the above Defendants are, in fact, improperly based on respondeat superior, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and that the claims against them be **DISMISSED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 25, 2010, Plaintiff Christopher Welch initiated the above-captioned action claiming that Defendants had been deliberately indifferent to his serious medical needs. Doc. 1. Plaintiff states that he is a quadriplegic confined to a wheelchair due to a spinal cord injury. According to the Complaint, Plaintiff requires assistance in the manual insertion of a rectal suppository as part of a doctor-prescribed "daily bowel program." Id. Plaintiff alleges that,

---

[1] Florence Valentine, a prison nurse, has also been named by Plaintiff as a Defendant in this action. Defendant Valentine has not, however, joined the instant Motion to Dismiss.

beginning on September 5, 2008 and continuing through some time in December, 2009, Defendant Valentine violated his constitutional rights by refusing to assist him with the insertion of the suppositories. Id. As a result, Plaintiff states that he has endured pain, nausea, vomiting, and rectal bleeding. Id.

Plaintiff maintains that Defendants Chase, Abrams, Ramsey, and Thomas were aware of Defendant Valentine's conduct, but did nothing to help. Id. Chase was the Warden of Men's State Prison, Abrams the Deputy Warden of Care and Treatment, Ramsey the Health Services Administrator, and Thomas the Director of Nursing. Plaintiff alleges that he wrote letters to Thomas and Ramsey, complaining of Nurse Valentine's neglect. He contends that Abrams "is guilty of deliberate indifference due to her failure to oversee Mr. Ramsey, in being sure that he properly supervised Nurse Valentine." Complaint 8 (Doc. 1). He contends that Chase was deliberately indifferent "due to her failure to fully investigate my formal grievance filed on Nurse Valentine." Id.

## DISCUSSION

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir.2003) (internal quotation marks and citation omitted). Supervisory officials may only be held liable when they have personally participated in unconstitutional conduct or where there is "a causal connection between [their] actions ... and the alleged constitutional deprivation." Id. To establish this causal connection, a plaintiff must show that the supervisor: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." Gross v. White,

340 Fed. Appx. 527 (11th Cir. 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir.2007)).

In this case, Plaintiff has not alleged that the any of the above Defendants personally participated in the conduct that allegedly violated his rights. Furthermore, he has failed to allege that these Defendants instituted a custom or policy that resulted in the violation of his rights or that they directed their subordinates to act unlawfully. Thus, for these claims to proceed any further, Plaintiff must establish that these supervisory Defendants failed to stop their subordinates from committing an unlawful act despite prior knowledge that such conduct would occur.

In an attempt to do so, the only relevant allegations made by the Plaintiff are his assertions that he filed one or two grievances, sent a letter to Defendant Ramsey, and spoke to and sent a letter to Defendant Thomas concerning Defendant Nurse Valentine's conduct. Such allegations fail to provide a basis for supervisory liability. Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Warren v. Player, 2009 WL 3253930 at *2 (N.D.Ga. October 6, 2009). Plaintiff's claims against the supervisors are based on respondeat superior, on the claim that each officer in Valentine's chain of command failed to provide adequate supervision of the officer below. Such claims are not recognized under Section 1983.

Accordingly, **IT IS RECOMMENDED** that Defendants Chase, Abrams, Ramsey, and Thomas' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 13th day of June, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge